CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JUN 16 2008

JOHN F. CORCORAN, CLERK
BY: /s/ Bright
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LODISE WADLEY, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:08-cv-00362 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN, et. al., | ) | By: Hon. James C. Turk |
|     Defendants. | ) | Senior United States District Judge |

Plaintiff Lodise Wadley, a Virginia inmate proceeding pro se, brings this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671, et seq.[1] In his complaint, Wadley alleges that during prison officials' search of his cell at the United States Penitentiary in Lee County ("USP Lee"), Virginia, on July 2, 2007, a pair of tennis shoes disappeared from his cell. He is suing several USP Lee officials[2] for "actual damages of $1000 cost of suit" and other appropriate relief. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) as frivolous and for failure to state a claim upon which relief may be granted.

I

Wadley's submissions reflect the following pertinent facts. On July 2, 2007, USP Lee officers conducted a search of Wadley's cell. When the search was complete, his Asics Gel-Cruise tennis shoes, size 9, were missing. He filed a Tort Claim to recover the value of the $55.00 shoes. In the November 5, 2007, response to his Tort Claim, an attorney for the Bureau of Prisons ("BOP")

---

[1] Plaintiff originally filed his action in the United States District Court for the Eastern District of Virginia. It was transferred here because the defendants are located in this district.

[2] His complaint names as defendants: Warden, Lt. G. Friss, Garcia, "an others."

1

informed Wadley:

> Investigation reveals your tennis shoes were destryed because they were contaminated with blood during a fight you were involved in. The shoes were disposed of because they were considered a biohazard.

The response also notified Wadley that his claim was denied and that he could file suit within six months under the Tort Claims Act.

Wadley filed this action in the United States District Court for the Eastern District of Virginia on May 12, 2008, and the case was transferred to this court on June 5, 2008. Wadley asserts that he was not involved in any fight, but was merely a spectator and was not wearing the tennis shoes at the time. He further asserts that he did not violate any prison rules, or he would have received a disciplinary charge for fighting. Therefore, he insists that the officials were negligent in seizing and destroying his tennis shoes. He claims that he has suffered mental anguish in the past (and will suffer more in the future) as a result of this loss.[3] He also claims to have lost 40 days of earnings while housed in the special housing unit for unjustifiable reasons.[4]

II

In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees. See 28 U.S.C. § 1346(b)(1). Specifically, the FTCA

---

[3]To the extent that Wadley is attempting to recover monetary damages for mental anguish, his claim fails. An prisoner may not recover damages for "mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C.A. § 1997e(e). Wadley alleges no physical injury.

[4]Wadley's recovery under the FTCA is limited to claims raised in the Tort Claim that he filed with the BOP. His submissions do not indicate that his Tort Claim about the tennis shoes included any mention of his lost earnings. Moreover, he does not explain what his earnings would have been or how his segregated confinement bore any relationship whatsoever to the conduct of which he complains here– the confiscation and destruction of his tennis shoes.

authorizes "claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." Id. An FTCA claim is properly brought only against the United States and not against individual federal agencies or officers. See, e.g., Maron v. United States, 126 F.3d 317, 321 (4th Cir. 1997); Duncan v. Department of Labor, 313 F.3d 445, 447 (8th Cir.2002). Section 2680 of the FTCA exempts from the waiver of sovereign immunity certain categories of claims. See §§ 2680(a)-(n). Section 2680(c) provides that the waiver of immunity in § 1346(b) shall not apply to "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." § 2680(c). The United States Supreme Court has interpreted this provision as excepting conduct of all law enforcement officers, including officers of the BOP, from the waiver of sovereign immunity. Ali v. Federal Bureau of Prisons, 128 S. Ct. 831, 836-37 (2008). The Court found that "Congress intended to preserve immunity for claims arising from the detention of property, and there is no indication that Congress intended immunity for those claims to turn on the type of law being enforced." Id.

Applying these legal rules, the court concludes that Wadley's allegations fail to state any claim for damages under the FTCA. First, the defendants he has named cannot be liable under the FTCA, as the only appropriate defendant under the FTCA is the United States itself. Moreover, as federal employees, acting in the scope of their employment, these individuals have absolute immunity under the Federal Employees Liability Reform and Tort Compensation Act ("FELRTCA") against common law tort claims for actions taken in the course of their official duties. Osborn v. Haley. 127 S. Ct. 881, 887 (2007) (citing 28 U.S.C. § 2679(b)(1)). There is no indication in the

complaint that the defendants named in Wadley's complaint were not acting within the scope of their employment when they confiscated and destroyed his tennis shoes after deciding that they were a biohazard.

Second, as the Ali decision makes it clear that prison officials qualify as "other law enforcement officers" for purposes of the exemption set forth in § 2680(c), the officers' detention of Wadley's property, whether that detention was negligent or wrongful, falls squarely within the exception. Thus, even if the court allowed plaintiff to substitute the United States as the proper defendant to his FTCA action, the official conduct of which he complains remains cloaked in sovereign immunity, as it is exempted from the waiver in § 1346(b). As sovereign immunity bars Wadley's claims, his complaint fails to state any claim upon which relief can be granted and must be dismissed accordingly, pursuant to § 1915A(b)(1).

In any event, the court also finds that his claim is frivolous. The filing fee for a Federal Tort Claims Act case in federal court is $350.00. As Wadley cannot recover damages for his alleged mental suffering, pursuant to 42 U.S.C. § 1997e(e), the most he could recover in this action is the $55.00 that he claimed to the BOP as the value of his lost shoes. This situation is a prime example of a frivolous lawsuit, and its frivolity presents a second ground on which it must be dismissed under § 1915A(b)(1). An appropriate order shall be issued this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 16th day of June, 2008.

*/s/ James C. Turk*
Senior United States District Judge